[No. 3470.   Dec. 21, 1929.]

STATE v. WATTS, State Treasurer.

[283 Pac. 905.]

J. J. Kenney, Dist. Atty. First Dist., of Santa Fe, for the State.

C. M. Botts, of Albuquerque, for defendant.

OPINION OF THE COURT

BICKLEY, C. J.  Suit by the state, by John J. Kenney, district attorney, First District, against Emerson Watts, as state treasurer, to compel the treasurer to discontinue the present investment of permanent school funds in United States bonds and treasury notes, and to enjoin the treasurer from investing permanent school funds in state highway debentures, and reselling the same to bond firms or others interested in the purchase thereof.  Judgment for the state as to the government bonds and treasury notes, and for the state treasurer as to the purchase and sale of highway debentures.  Both parties appeal from that portion of the judgment adverse to them, respectively.

A custom of previous state treasurers, of investing permanent school funds in United States bonds and treasury notes, has grown up until at the present time a large sum of the permanent school fund is so invested. The point made by the state, and upheld by the lower court, is that the United States bonds and treasury notes are not among the securities authorized by section 7 of article 12 of the state Constitution for investment of the permanent school fund; and the Legislature has not, by three-fourths vote of the members elected to each House, provided that said funds may be invested in these securities.

The complaint alleges that, at the time of the proceedings in the trial court, the state of New Mexico had available for sale New Mexico highway debentures authorized by the provisions of chapter 1 of the Special Session of the 1929 Legislature, to wit, Series G-15, G-16, and G-17,

in the sum of $750,000, bearing date the 1st day of May, A. D. 1929. It was further alleged that the state treasurer had given it out that he contemplated:

"Purchasing the said state highway debentures in the said sum of $750,000, or more, as issued as funds are available in the state treasury of the State of New Mexico, and reselling the said Debentures, immediately upon purchase, to bond firms or others interested in said securities, * * * the said Emerson Watts, * * * does not contemplate purchasing these debentures for the investment of public funds, but contemplated the purchase and sale of said debentures, thus in effect acting as broker in said transaction."

The answer filed by the state treasurer admits the allegations of the complaint heretofore quoted. The final decree states that there is no substantial dispute concerning questions of fact involved herein, and that the state has substantiated the allegations of fact contained in its said complaint. The temporary injunction and order addressed to the state treasurer declared:

"You are hereby temporarily further restrained and enjoined from purchasing the said state highway debentures described in said complaint, for the purpose of reselling the same to bond firms or others interested in said securities, or from anywise acting as broker of and for said state highway debentures."

The final decree dissolved this portion of the temporary injunction.

The point is made by the state that such procedure is unauthorized and illegal and contrary to the Constitution and laws of the state. We find it unnecessary to decide this question.

It is a matter of common knowledge, verified by the state treasurer, that the New Mexico state highway debentures "described in said complaint," to wit, "Series G-15, G-16, and G-17, in the sum of $750,000, bearing date the first day of May, A. D. 1929," are not now available for sale by the state of New Mexico; such issues having been disposed of in October of this year.

It follows that the question in the case presented by the appeal of the state has become moot and requires no consideration by this court. Carman v. Board of Com'rs., 32 N. M. 517, 259 P. 821. The appeal of the state is therefore dismissed.

As to the appeal by the state treasurer, we find that the trial court properly decreed that the temporary injunction be made permanent, and that the state treasurer of the state of New Mexico make no further investment of the permanent funds in United States 3½ per cent. treasury notes, or other bonds, notes, or obligations originating outside the state of New Mexico, or otherwise than as provided by the Constitution of the state of New Mexico in bonds of the state of New Mexico, or of any county, city, town, board of education, or school district therein, unless authorized so to do by the Legislature by three-fourths vote of the members elected to each House. See Constitution of New Mexico, article 12, section 7.

The portion of the judgment appealed from by the state treasurer is therefore affirmed and the cause remanded, and it is so ordered.

WATSON, PARKER, CATRON, and SIMMS, JJ., concur.