423 P.2d 867

**STATE of New Mexico, Plaintiff-Appellant,**

**v.**

**O. O. "Red" ALLEN, Defendant-Appellee.**

**No. 8107.**

Supreme Court of New Mexico.

Feb. 13, 1967.

Boston E. Witt, Atty. Gen., Roy G. Hill, Asst. Atty. Gen., J. Lee Cathey, Spec. Asst. Atty. Gen., Santa Fe, for appellant.

Neal & Matkins, Carlsbad, for appellee.

OPINION

MOISE, Justice.

The State has appealed from an order quashing the information in this cause which charged the defendant with violating § 45–8–25, N.M.S.A. 1953, as amended, "in that the said defendant did fail to plow under or shred crop remnants to the acquired depth of 6″ or more, prior to March 1, 1966, in accordance with the regulatory order, No. 2, dated December 14, 1965, as promulgated by the Board of Regents of the New Mexico Department of Agriculture under the authority of said statute, * * *."

The only issue which we are called on to decide is whether a charge that a regulatory order promulgated under the provisions of the Plant Protection Act (§§ 45–8–22 to

45-8-38, N.M.S.A. 1953) is a misdemeanor under § 45-8-38, N.M.S.A. 1953, which reads as follows:

"Any person, firm, or corporation violating the provisions of this act [45-8-22 to 45-8-38] shall be guilty of a misdemeanor and upon conviction shall be fined not less than twenty-five dollars ($25.00) nor more than five hundred dollars ($500). The license of any such person, firm or corporation may also be revoked."

Appellant argues that § 45-8-36, N.M.S.A. 1953, provides specifically for adoption and promulgation of such rules and regulations as may be necessary for the administration of the Plant Protection Act, and for their enforcement, and a reading of the act in its entirety, and consideration of the realities of the situation, amply demonstrate that the legislature must have intended that the penalty provision apply not only to conduct prohibited by the Act itself, but by the rules and regulations as well.

 There can be no doubt that criminal penalties may be provided by the legislature for violation of rules and regulations under proper circumstances. Anno. 79 L.Ed. 474, 491; 1 Am.Jur.2d 937, Admin.L., § 127. As a matter of fact, our legislature has done so in a number of situations. For example, see § 54-1-28, N.M.S.A. 1953 (dealing with enrichment of flour); § 54-2-9, N.M.S.A. 1953 (relating to the New Mexico egg industry); § 54-4-16, N.

M.S.A. 1953 (applicable to frozen food locker plants); § 12-1-17, N.M.S.A. 1953 (concerning certain rules and regulations of the state board of public health); § 48-22-72(D) (Banking Act).

The difficulty arises here because § 45-8-38, supra, does not expressly purport to make violations of the rules and regulations punishable as misdemeanors.

 We are satisfied that the power to define crimes and provide the punishment is a legislative function. State v. Thompson, 57 N.M. 459, 465, 260 P.2d 370. We are equally certain that penal statutes must be strictly construed, and the definition of crimes therein contained is not to be broadened by intendment. State v. Shop Rite Foods, Inc., 74 N.M. 55, 390 P.2d 437. That these decisions would deny to § 45-8-38, supra, a meaning not clearly within its terms should be apparent. Absent a statement in the penalty section that violations of rules promulgated under the statute and violations of the act itself would be equally punishable as misdemeanors, we find no legislative directive that violations of the rules are punishable as offenses. Compare Williams v. State, 146 Tex.Cr.R. 430, 176 S.W.2d 177; People v. McCann, 151 Misc. 792, 273 N.Y.S. 839, aff'd 242 App.Div. 515, 275 N.Y.S. 887; People v. Sullivan, 244 App.Div. 469, 280 N.Y.S. 48. Appellant relies heavily on Howard v. State, 154 Ark. 430, 242 S.W. 818. That case cannot aid appellant's position since

the statute there ruled upon made it a misdemeanor to disobey the rules which the board promulgated. The correctness of this holding is not an issue here. If the legislature had determined that violation of the rules authorized to be adopted would make a person guilty of a misdemeanor, the rule of Howard v. State, supra, would be pertinent. Having failed to so provide, violation of the rules is not made an offense.

The court ruled correctly in quashing the information, and its action is affirmed.

It is so ordered.

CHAVEZ, C. J., and WOOD, J., Court of Appeals, concur.