463 P.2d 40

Russell E. MAYER, Appellant,

v.

PUBLIC EMPLOYEES RETIREMENT BOARD, Appellee.

No. 444.

Court of Appeals of New Mexico.

Jan. 8, 1970.

James C. Hall, Toulouse, Moore & Walters, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, James V. Noble, Asst. Atty. Gen., for appellee.

## OPINION

SPIESS, Chief Justice.

A review in this court is sought by Russell E. Mayer of a decision rendered by the Public Employees Retirement Board. The Administrative Procedures Act, § 4-32-1 to § 4-32-25, incl., N.M.S.A.1953, and in particular § 4-32-16(F) of the Act is invoked as a basis for the exercise of jurisdiction by this court to review the decision of the Board. The Board has moved to dismiss the appeal on the ground that this court lacks jurisdiction for the reason that the Board is not an agency affected by or subject to the Administrative Procedures Act. It is conceded, and we think correctly so, that this court has no jurisdiction to review a decision of the agency involved unless such jurisdiction is conferred by the Administrative Procedures Act.

The solution of the jurisdictional question depends upon the applicability of the Administrative Procedures Act as provided by § 4-32-23, the material portion being as follows:

"The provisions of the Administrative Procedures Act [4-32-1 to 4-32-25] apply to agencies made subject to its coverage by law, or by agency rule or regulation if permitted by law."

The term "agency" is defined by § 4-32-2(A).

" 'Agency' means any state board, commission, department or officer authorized by law to make rules, conduct adjudicatory proceedings, make determinations, grant licenses, impose sanctions, grant or withhold relief or perform other actions or duties delegated by law, and which is specifically placed by law under the Administrative Procedures Act; "

It is clear that only such agencies as are specifically placed by law under the Administrative Procedures Act are subject to its provisions. So far as we have been able to determine the agency involved here has not been placed under the Act, nor subjected to its provisions. As a result, jurisdiction has not been conferred upon this court to review decisions of the agency involved. The motion to dismiss the appeal is, therefore, granted.

It is so ordered.

OMAN and HENDLEY, JJ., concur.