553 P.2d 714

**George R. DURAND, Appellant,**

v.

**NEW MEXICO COMMISSION ON ALCOHOLISM and the State Personnel Board, Appellees.**

**No. 2577.**

Court of Appeals of New Mexico.
Aug. 10, 1976.

Ken Cullen, Robert T. Knott and Vince D'Angelo, Albuquerque, for appellant.

Toney Anaya, Atty. Gen., Patricio M. Serna, Louis M. Druxman, Asst. Attys. Gen., Santa Fe, for appellees.

## OPINION

WOOD, Chief Judge.

The issue is the subject matter jurisdiction of the Court of Appeals.

Durand, an employee of the Commission on Alcoholism, was dismissed by the Commission. The State Personnel Board sustained the dismissal. Durand filed a notice of appeal seeking judicial review of the Final Order of the State Personnel Board. He relied on § 4–32–16(F), N.M.S.A.1953 (Repl.Vol. 2, pt. 1).

By order, this Court dismissed for lack of subject matter jurisdiction because neither the Personnel Board nor the Alcoholism Commission had been placed under the Administrative Procedures Act, of which § 4–32–16(F) is a part. *Westland Corporation v. Commissioner of Revenue,* 83 N.M. 29, 487 P.2d 1099 (Ct.App.1971); *Mayer v.*

*Public Employees Retirement Board,* 81 N.M. 64, 463 P.2d 40 (Ct.App.1970); see *Linton v. Farmington Municipal Schools,* 86 N.M. 748, 527 P.2d 789 (1974).

Durand has moved for reconsideration of our order of dismissal. Durand points out that the Personnel Act makes no reference to how appeals from the Personnel Board are to be effected. We agree. Sections 5–4–28 through 5–4–46, N.M.S.A.1953 (Repl.Vol. 2, pt. 1) do not provide for judicial review.

Durand contends that the Court of Appeals has subject matter jurisdiction under the Rules of Appellate Procedure for Civil Cases. He relies on Rule 13. That rule deals with the procedure for taking an appeal from the decision of an administrative agency. Rule 13 does not confer a right to appeal because the right of appeal is a matter of substantive law and outside the Supreme Court's rule making power. *State v. Arnold,* 51 N.M. 311, 183 P.2d 845 (1947). Rule 1 recognizes this limitation when it states: "These rules shall not be construed to extend or limit the jurisdiction of the appellate courts as established by law."

It has not been provided by law for this Court to review the decision of the Personnel Board or the Alcoholism Commission. See § 16–7–8(F), N.M.S.A.1953 (Repl.Vol. 4).

Durand is not without a judicial remedy. The remedy for review of the administrative actions in this case was by a writ of certiorari from the district court. *Roberson v. Board of Education of City of Santa Fe,* 78 N.M. 297, 430 P.2d 868 (1967); *Riddle v. Board of Education,* 78 N.M. 631, 435 P.2d 1013 (Ct.App.1967); see N.M.Const. Art. VI, § 13; *State ex rel. Bd. of Com'rs. of State Bar v. Kiker,* 33 N.M. 6, 261 P. 816 (1927).

The appeal is dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

SUTIN and LOPEZ, JJ., concur.