652 P.2d 235

**Paul LIVINGSTON, Plaintiff-Appellant,**

v.

**George EWING, New Mexico State
Cultural Affairs Officer,
Defendant-Appellee.**

No. 13928.

Supreme Court of New Mexico.

Sept. 28, 1982.

Paul Livingston, pro se.

Jeff Bingaman, Atty. Gen., Jill Z. Cooper, Deputy Atty. Gen., Santa Fe, for defendant-appellee.

## OPINION

PAYNE, Justice.

This case involves the promulgation of the Museum of New Mexico's resolution permitting only Indians to sell handicrafts under the portal of the Palace of the Governors in Santa Fe. Livingston challenges the promulgation of the resolution on statutory grounds. He also claims that the Museum resolution impermissibly relies for its effectuation on Section 30–20–13(C), N.M.S.A. 1978 (Cum.Supp.1982), which is itself an invalid delegation of legislative power and impermissibly vague.

The facts of this case have never been at issue. *See Livingston v. Ewing,* 601 F.2d 1110 (10th Cir.), *cert. denied,* 444 U.S. 870, 100 S.Ct. 147, 62 L.Ed.2d 95 (1979).

> The New Mexico legislature established the Museum in 1909, and since then the Indians have been a part of the Museum's program. In the interest of stimulating the native crafts and encouraging the educational consequences, the Board of the Museum was carrying out an educational policy to develop and preserve the traditions of New Mexico. In 1935, the Museum began to limit the space inside the portal to the Indians for the sale of their arts and crafts. * * * Custom was changed to a more definite policy by the Regents in 1972.

*Id.* at 1112. The Board of Regents formalized that policy by resolution in February 1976.

On June 24, 1980, the Court of Appeals held in *State v. Joyce,* 94 N.M. 618, 614 P.2d 30 (Ct.App.1980), that the resolution is a rule within the meaning of the State Rules Act, §§ 14–4–1 through 14–4–9, N.M.S.A. 1978; the court also held that the resolution was invalid and unenforceable because it had never been filed in accordance with that Act. On June 27, 1980, the Museum, through the State Cultural Affairs Officer, Ewing, filed the resolution with the State Records Office. That same day Livingston filed a petition in district court seeking a judgment declaring the enforcement of the resolution to be invalid; he also sought an alternative writ of prohibition to prevent its enforcement. The district court issued the writ on July 1, but quashed it the next day. Subsequently, after hearing legal arguments, the court issued an order dismissing the petition.

### I.

Ewing asserts that this case is moot because of the 1982 adoption of an amended resolution following public notice and comment. However, the object of Livingston's suit is a determination of the validity and enforcement of the 1976 resolution from the time of its filing in June 1980. The subsequent adoption of the amended resolution has no effect on the validity of the previous resolution during this time period. *Cf. State v. Watts,* 34 N.M. 451, 283 P. 905 (1929) (subject matter of suit no longer available for court's disposition). Nor have the parties changed their status since the instigation of the suit. Finally, our determination of the issue will affect the outcome of another pending suit between the same parties. Therefore, we will proceed to a determination of the merits of the case.

### II.

Livingston first argues that the resolution is invalid and unenforceable "because it was never promulgated as a rule." He asserts that because the resolution has the force of law its promulgation must have been preceded by notice to the public and opportunity for comment. He bases his as-

sertion on the New Mexico Administrative Procedures Act, §§ 12–8–1 through 12–8–25, N.M.S.A. 1978, and the State Rules Act, §§ 14–4–1 through 14–4–9, N.M.S.A. 1978.

We first note that the New Mexico Administrative Procedures Act is not applicable to the actions of the Board of Regents of the Museum of New Mexico. That Act is applicable only to agencies "specifically placed by law under the Administrative Procedures Act." § 12–8–2(A), N.M.S.A. 1978. *See also* § 12–8–23, N.M.S.A. 1978; *Mayer v. Public Employees Retirement Board,* 81 N.M. 64, 463 P.2d 40 (Ct.App. 1970). Livingston has not pointed out, nor can we find, any provision subjecting the Board of Regents to the Act's provisions.

Livingston asserts that because the Court of Appeals determined that the resolution is a rule within the meaning of the State Rules Act, *supra, State v. Joyce, supra,* it is a rule for all purposes. He cites Section 14–4–5 of the State Rules Act, which provides that "[n]o rule shall be valid or enforceable until it is * * * filed and shall only be valid and enforceable upon such filing and compliance with any other law." He then refers to Section 9–6–11(E), N.M.S.A. 1978, (Repl.Pamp.1980). That statute requires that

> [n]o rule or regulation promulgated by the director of [the museum division of the Office of Cultural Affairs] in carrying out the functions and duties of the division shall be effective until approved by the state cultural affairs officer unless otherwise provided by statute. Unless otherwise provided by statute, no regulation affecting any person or agency outside the office shall be adopted, amended or repealed without a public hearing on the proposed action before the state cultural affairs officer or a hearing officer designated by him.... Notice of the subject matter of the regulation, the action proposed to be taken, the time and place of the hearing, the manner in which interested persons may present their views and the method by which copies of the proposed regulation, proposed amendment or repeal of an existing regulation

> may be obtained shall be published.... All rules and regulations shall be filed in accordance with the State Rules Act.

The statute became effective March 5, 1980. *See* 1980 N.M. Laws ch. 151, § 60. However, the previous version of the provision, differing only in referring to the Secretary of Educational Finance and Cultural Affairs instead of the State Cultural Affairs Officer, became effective March 31, 1978. *See* 1977 N.M. Laws ch. 246 § 71. Livingston asserts that because this statute was in effect at the time the resolution was filed its provisions govern the promulgation of the resolution.

Ewing argues that merely because the resolution is a rule for the purposes of the State Rules Act, it does not mean that it is a rule for the purposes of its promulgation, which is not governed by the terms of that Act. Moreover, Ewing argues, the statutes governing the Board of Regents do not require notice and hearing, and Section 9–6–11(E) is not applicable because it did not become effective until two years after the promulgation of the resolution.

The resolution is a rule for the purposes of its promulgation. It is not merely an announcement to the public of past or present practice or understanding, or tentative intentions for the future. It is a statement asserting a standard of conduct which has the force of law; it affects the rights or obligations of those who fall within its ambit. *See* 2K. Davis, Administrative Law Treatise § 7:5 (2d ed. 1979 & Supp.1982).

Both Ewing and Livingston agree that the resolution was adopted in 1976. At that time, Section 4–12–35, N.M.S.A. 1953 (Repl. Vol. 2, Part 1, Supp.1975), authorized the Board of Regents to adopt rules and regulations and set policy directives; however, the statute established no required procedures for the Board's exercise of its power. Therefore, we must determine whether the subsequent enactment of Section 9–6–11(E), *supra,* with its provisions governing the adoption of such rules, affects the validity of the rule.

To apply Section 9–6–11(E) to the adoption of the Museum rule requires giving it retroactive effect. "The general rule is that statutes ... are to be construed as prospective rather than retrospective unless there is a clear legislative intention to the contrary." *Wilson v. New Mexico Lumber & Timber Co.*, 42 N.M. 438, 440, 81 P.2d 61, 62 (1938). However, "statutes relating to * * * procedure generally apply to pending actions." *Id.* at 441, 81 P.2d at 63, quoting *Link v. Receivers of Seaboard Air Line Ry. Co.*, 73 F.2d 149, 151 (4th Cir. 1934). Those relating to substance operate only prospectively. *See Gray v. Armijo*, 70 N.M. 245, 372 P.2d 821 (1962). "[S]ubstantive law * * is that which creates duties, rights and obligations. * * * *" *Id.* at 248, 372 P.2d at 823, quoting *Johnson v. Terry*, 48 N.M. 253, 258, 149 P.2d 795, 797 (1944).

■ We do not find in Section 9–6–11(E) a clear legislative intention regarding the effect of the statute. "[I]n the absence of such apparent legislative intent, [we] strongly presume statutes are to operate prospectively only." *Gallegos v. Atchison, T. & S.F. Ry. Co.*, 28 N.M. 472, 478, 214 P. 579, 582 (1923). Although it prescribes procedures for adoption of rules, Section 9–6–11(E) imposes certain duties on the State Cultural Affairs Officer (formerly the Secretary of Educational Finance and Cultural Affairs). We are unwilling to label the provision as purely procedural or purely substantive in nature. Therefore, we will not single out Section 9–6–11(E) as applicable retroactively. *See Demarest v. Zoning Commission*, 134 Conn. 572, 59 A.2d 293 (1948); 73 C.J.S. *Public Administrative Bodies and Procedure* § 5 (1951).

We note that "a statute does not operate retroactively merely because some of the facts or conditions upon which its application depends came into existence prior to the enactment." *State v. Mears*, 79 N.M. 715–16, 449 P.2d 85–86 (Ct.App.1968). However, the provisions of Section 9–6–11(E) on which Livingston primarily relies go to the adoption of rules, and both parties agree that the Museum's rule was adopted two years before the effective date of the

first version of the statute. Merely because the Museum was ordered to file the rule in 1980 by the Court of Appeals in *State v. Joyce*, does not mean that Section 9–6–11(E) as it then existed operates to invalidate the prior adoption. Good sense and justice do not dictate that the Museum's Board of Regents re-adopt the resolution under the new procedures when it was not told that it must be filed until 1980, after litigating the issue. *Cf. Carvette v. Marion Power Shovel Company*, 157 Conn. 92, 249 A.2d 58, 60 (1968) ("Even if the statute is procedural, it will not be applied retroactively if considerations of good sense and justice dictate that it not be so applied. [Citations omitted.]") *See also* Browde, *Administrative Law*, 12 N.M.L.Rev. 1, 23 n. 136 (1982).

■ Livingston also cites *Morgan v. United States*, 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129 (1938), for the proposition that "failure to strictly comply with the notice and hearing requirements denies the due process rights of those entitled to notice and hearing." However, as we have determined, there were no notice and hearing requirements with which the Board of Regents had to strictly comply, and *Morgan* dealt with quasi judicial, not legislative, functions of administrative agencies. There is no fundamental right to notice and hearing before the adoption of a rule; such a right is statutory only. *Bi-Metallic Co. v. Colorado*, 239 U.S. 441, 36 S.Ct. 141, 60 L.Ed. 372 (1915); *Willapoint Oysters v. Ewing*, 174 F.2d 676 (9th Cir.), *cert. denied*, 338 U.S. 860, 70 S.Ct. 101, 94 L.Ed. 527 (1949); *United States v. Bodine Produce Co.*, 206 F.Supp. 201 (D.Ariz.1962); *Webb v. State University of New York*, 125 F.Supp. 910 (N.D.N.Y.1954). Moreover, requiring the Board of Regents to re-adopt its resolution would defeat the goals of speed and efficiency basic to the administrative process. *See* 1 F. Cooper, State Administrative Law 140–42 (1965); 4 B. Mezines, J. Stein & J. Gruff, Administrative Law § 31.02, at 31–31 (rev. ed. 1982).

We therefore hold that the resolution is not invalid and unenforceable because Sec-

tion 9–6–11(E), is not retroactively applicable to its adoption.

## III.

Livingston next argues that the Museum resolution impermissibly relies on Section 30–20–13(C), N.M.S.A.1978 (Cum.Supp. 1982), for its effectuation because "no legislative enactment permits or ·authorizes the Museum to enforce the Indians-only rule with the sanction of criminal arrest and imprisonment."

We recognize the general rule that "[a] legislative body may delegate . . . the power to make rules promoting the legislative object at hand, a violation of which will be deemed a crime, but only where the Legislature expressly and definitely provides." *People v. Sullivan,* 244 App.Div. 469, 280 N.Y.S. 48, 52 (1935). Yet, in looking at the delegation of legislative authority to an administrative agency, we must apply the following standards:

All statutes are presumed to be enacted by the legislature with full knowledge of all other statutes in *pari materia* and with reference thereto. [Citation omitted.] Furthermore, statutes which are in *pari materia* should, as far as reasonably possible, be construed together as though they constituted one law so as to give force and effect to each. [Citation omitted.] This rule applies even though the statutes being construed together were enacted at different times and the latter contains no reference to the former. [Citation omitted.]

*New Mexico Mun. L., Inc. v. New Mexico Envir. Imp. Bd.,* 88 N.M. 201, 206, 539 P.2d 221, 226 (Ct.App.), *cert. denied,* 88 N.M. 318, 540 P.2d 248 (1975).

■ Section 30–20–13(C), originally enacted by 1975 N.M. Laws ch., 52, § 2(C), provides:

No person shall willfully refuse or fail to leave the property of or any building or other facility owned, operated or controlled by the state or any of its political subdivisions when requested to do so by a lawful custodian of the building, facility or property if the person is committing, threatens to commit or incites others to commit any act which would disrupt, impair, interfere with or obstruct the lawful mission, processes, procedures or functions of the property, building or facility.

Section 4–12–35, N.M.S.A.1953 (Repl. Vol. 2, Part 1, Supp.1975), originally enacted as 1975 N.M. Laws ch., 264, § 4(D), empowers the Board of Regents to adopt rules and regulations and "set policy directives for the operation of the museum and museum properties." Both of the statutes deal with the operation of state properties, and therefore are in *pari materia* and must be construed together. This is particularly true here, since the two provisions were products of the same legislative session.

■ It is clear from the language of Section 30–20–13(C) that the Legislature intended that those who set the "lawful mission, processes, procedures or functions" of state property be able to avail themselves of the statute's provisions in furtherance of those policies and functions. Therefore, the Board of Regents may properly rely on the provisions of that section to effectuate the provisions of the resolution.

Livingston argues that Section 30–20–13(C) "is an invalid delegation of legislative power to the executive and is impermissibly vague." That statute, however, does not delegate legislative authority; it does not provide that the state property's lawful custodian may establish "the lawful mission, processes, procedures or functions of the property." Instead, it by its terms delegates power to prevent the willful interference with policies and procedures already established. Thus, Section 30–20–13(C) delegates judicial power, and that is the gravamen of Livingston's assertion. The statute has already been upheld in the face of an attack on the issues of the delegation of judicial power and vagueness, *see State v. Silva,* 86 N.M. 543, 525 P.2d 903 (Ct.App.), *cert. denied,* 86 N.M. 528, 525 P.2d 888 (1974), and Livingston has failed to point to any persuasive arguments to strike down the statute.

We therefore affirm the judgment of the district court.

IT IS SO ORDERED.

SOSA, Senior Justice and FEDERICI, J., concur.