692 P.2d 530

**EASTERN INDEMNITY COMPANY OF MARYLAND, Appellant,**

**v.**

**Jeffrey K. HELLER, Appellee.**

**No. 8073.**

Court of Appeals of New Mexico.

Nov. 29, 1984.

William F. Aldridge, Cohen & Aldridge, P.A., Albuquerque, for appellant.

State Labor and Industrial Commission, Frank B. Smith, Labor Commissioner, Katherine M. Nunez, Deputy Labor Commissioner, Wage & Hour Division, Albuquerque, representing appellee.

## OPINION

WOOD, Judge.

■ The issue is this court's jurisdiction. May a party who is involved in a wage claim determination by the labor commissioner (*see* NMSA 1978, § 50–1–1.1 (Cum. Supp.1984)) appeal that determination directly to the court of appeals? No.

The labor commissioner held a hearing on Jeffrey K. Heller's (Heller) wage claim and determined that Eastern Indemnity Company of Maryland (Eastern) owed Heller wages and commissions for the month of December 1983. Eastern seeks to appeal that determination directly to this court.

Both NMSA 1978, Sections 50–4–8 (Cum. Supp.1984) and 50–1–3 authorize action by the labor commissioner in connection with wage claims. There is nothing in NMSA 1978, Sections 50–1–1 to –8 (Orig.Pamp. and Cum.Supp.1984) or Sections 50–4–1 to –18 which authorizes a direct appeal to the court of appeals, and these are the statutes that would be pertinent to the wage claim. Eastern does not contend that any statute pertaining to labor or wages authorizes a direct appeal.

■ Eastern filed a notice of appeal and a motion to reverse in this court. Internal references in these documents are to the Administrative Procedures Act, NMSA 1978, Sections 12–8–1 to –25. The notice of appeal suggests that Section 12–8–16 authorizes an appeal to this court from the labor commissioner's determination. This is incorrect. Because of the statutory method for enforcement of the labor commissioner's determination of a wage claim, *see* Sections 50–4–8 and 50–1–3, it may be questioned whether the labor commissioner's action is of the type to which the Administrative Procedures Act applies. *See* § 12–8–2. This, however, does not matter in this appeal. Even if the labor commissioner's determination is an appropriate type of action, the Administrative Procedures Act applies only to an agency "which is specifically placed by law under the Administrative Procedures Act," Section 12–8–2(A), or to an agency made subject to the Act "by agency rule or regulation if permitted by law." Section 12–8–23; *Livingston v. Ewing*, 98 N.M. 685, 652 P.2d 235 (1982); *Mayer v. Public Employees Retirement Board*, 81 N.M. 64, 463 P.2d 40 (Ct.App.1970).

On the basis of the foregoing, this court ordered Eastern to show cause why its appeal should not be dismissed on the basis that this court lacked jurisdiction over the appeal.

Eastern does not, in its response to our order, assert that the labor and industrial commission, or the labor commissioner, *see* Section 50–1–1, is subject to the Administrative Procedures Act.

■ Eastern contends that this court has jurisdiction under N.M. Const. art. VI, § 29. This is incorrect. This constitutional provision states that the court of appeals *"may be authorized* by law to review directly decisions of administrative agencies of the state * * *."* (Our emphasis.) The Constitution does not confer jurisdiction on this court, there must be an authorization by law.

■ Eastern asserts that NMSA 1978, Civ.App. Rule 13 (Repl.Pamp.1984) provides the required authorization by law. Civ.App. Rule 13 pertains to special statutory proceedings. It states: "Except as may be otherwise provided by law, appeals from * * * actions of * * * administrative agencies or officials shall be taken by filing notice of appeal with the appellate court * * *." This contention is answered by *Durand v. New Mexico Commission on*

*Alcoholism,* 89 N.M. 434, 435, 553 P.2d 714 (Ct.App.1976), which states:

> Durand contends that the Court of Appeals has subject matter jurisdiction under the Rules of Appellate Procedure for Civil Cases. He relies on Rule 13. That rule deals with the procedure for taking an appeal from the decision of an administrative agency. Rule 13 does not confer a right to appeal because the right of appeal is a matter of substantive law and outside the Supreme Court's rule making power. *State v. Arnold,* 51 N.M. 311, 183 P.2d 845 (1947). Rule 1 recognizes this limitation when it states: "These rules shall not be construed to extend or limit the jurisdiction of the appellate courts as established by law."

Eastern argues that this court must have jurisdiction because "[t]here is no provision of law relating to wage claims which provides for appeal, other than to the Court of Appeals * * *." We disagree. Once the statutory provisions for enforcement of the wage claim are invoked through proceedings in the district court, *see* Sections 50–4–8 and 50–1–3, Eastern may appeal the district court's decision. *See* NMSA 1978, Civ.App.R. 3 (Repl.Pamp.1984).

It has not been provided by law for this court to directly review the labor commissioner's determination of a wage claim. The appeal is dismissed for lack of subject-matter jurisdiction. *Durand.* Eastern shall bear its appellate costs.

IT IS SO ORDERED.

NEAL and BIVINS, JJ., concur.