30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas Ray NEWSOME, Jr., Plaintiff-Appellant,
v.
Patrick G. BACA, individually and as Secretary, New Mexico
Department of Labor, Defendant-Appellee.
 No. 94-2087.
 United States Court of Appeals, Tenth Circuit.
 July 20, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Newsome, a pro se litigant, appeals the dismissal of his 42 U.S.C. Sec. 1983 complaint for failure to state a claim. We exercise jurisdiction and affirm.
 
 
 3
 Mr. Newsome sued Mr. Baca, both individually and as Secretary of the New Mexico Department of Labor. The gist of the complaint is that Mr. Newsome was denied access to the records and files of the Department of Labor contrary to New Mexico law. Mr. Newsome alleged he wished to review these records to ascertain New Mexico's compliance with veterans' job programs and to determine whether litigation is necessary. Mr. Baca filed a motion to dismiss for failure to state a claim.
 
 
 4
 The district court granted the motion to dismiss concluding the alleged wrongs violated none of Mr. Newsome's federal rights.
 
 
 5
 Mr. Newsome appeals this decision railing about the necessity of abolishing Administrative Absolutism. Mr. Newsome further argues (1) as the New Mexico APA excludes all known state agencies thus contradicting its expressed purpose of uniform agency procedures, the court should "apply the equity of the statute ... so as to abolish the evil of 'administrative absolutism' "; (2) Mr. Newsome has common law rights of ready access to public records free of regulatory control of the executive and judicial branches of government; (3) public policy demands he be given the records; (4) equity demands he be given the records; (5) both the federal and New Mexico promissory oaths impose a duty on defendant to release the records; and (6) the Bill of Rights and Due Process require relief.
 
 
 6
 Mr. Newsome has failed to persuade this court that the district court erred. Section 1983 does not provide a remedy without colorable allegations of a federally protected right.[1] Although Meyer v. Nebraska, 262 U.S. 390, 399 (1923), included within every citizen's liberty interest a right "to acquire useful knowledge," we do not find New Mexico's provision of public record access in the Inspection of Public Records Act, rather than in the state Administrative Procedures Act, to be in violation of the Constitution. The judgment of the district court is AFFIRMED for substantially the same reasons set forth by the district court in its final Order of December 16, 1993, a copy thereof being attached. The mandate shall issue forthwith.
 
 ATTACHMENT
 In the United States District Court
 For the District of New Mexico
 
 7
 Thomas Ray Newsome, Jr., Plaintiff,
 
 
 8
 v.
 
 
 9
 Patrick G. Baca, individually and as Secretary, New Mexico
 
 
 10
 Department of Labor, Defendant.
 
 Civ. No. 93-1035 JB
 
 11
 Filed Dec. 16, 1993.
 
 ORDER
 
 12
 THIS MATTER is before the Court on Defendant's October 7, 1993 motion to dismiss. The Court, having reviewed the record and the relevant law, and otherwise being fully advised in the premises, finds that Defendant's motion is well taken and will be granted.
 
 
 13
 Plaintiff, appearing pro se, brought a civil rights action for declaratory and injunctive relief to redress the alleged deprivation of the process due in state administrative proceedings. Plaintiff brings his action pursuant to 42 U.S.C. Sec. 1983, the Fifth, Ninth and Fourteenth Amendments, Section 2 of the New Mexico Enabling Act, 4 U.S.C. Sec. 101, and common law.
 
 
 14
 Plaintiff alleges he was denied access to records and files of the Department of Labor, contrary to the New Mexico Administrative Procedures Act, N.M.Stat.Ann. Secs. 12-8-1--12-8-25 (Michie 1978). Complaint, paragraphs 16 and 17. Plaintiff intends to review these records to ascertain Department compliance with veterans job programs and to determine whether litigation is necessary. Complaint, paragraph 18. Plaintiff also alleges that defendant has a duty to follow the mandates of the New Mexico Administrative Procedures Act. Complaint, paragraphs 27 and 29. The relief requested by Plaintiff includes a declaration that the Department of Labor is subject to the New Mexico Administrative Procedures Act, injunctive relief enjoining Defendant and the Department of Labor to act "in strict conformity" with the New Mexico Administrative Procedures Act, and injunctive relief "compel[ling] agency action unlawfully withheld and unreasonably delayed" by the Department of Labor. Complaint, paragraphs C, D and E.
 
 
 15
 For the purposes of a motion to dismiss, the material allegations of the complaint must be accepted as true. Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir.1987). The complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court shall construe the pleadings liberally and, if there is any possibility of relief, the case should not be dismissed. Gas-a-Car, Inc. v. American Petrofina, Inc., 484 F.2d 1102, 1107 (10th Cir.1973).
 
 
 16
 Plaintiff fails to state a claim under 42 U.S.C. Sec. 1983. To be cognizable under Sec. 1983, the complaint must allege that Plaintiff was deprived of a federally protected right by Defendant, acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Plaintiff's claim is that Defendant wrongfully refused to produce agency records, thereby depriving him of his federal constitutional rights under the Fifth, Ninth and Fourteenth Amendments. Defendant's alleged wrong does not implicate any constitutional right. The Fifth and Ninth Amendments are not at issue here. As to the Fourteenth Amendment, Plaintiff had no liberty or property interest in the agency records. Board of Regents v. Roth, 408 U.S. 564 (1972). The New Mexico Administrative Procedures Act does not create a claim of entitlement to the Department's records because the Act does not apply to the Department of Labor. By its plain language, the Act only applies to "agencies made subject to its coverage by law, or by agency rule or regulation...." N.M.Stat.Ann. Sec. 12-8-23 (Michie 1978); See also Livingston v. Ewing, 98 N.M. 685 (1982); Mayer v. Public Employees Retirement Board, 81 N.M. 64 (Ct.App.1970); Eastern Indemnity Co. of Maryland v. Heller, 102 N.M. 144 (Ct.App.1984). The Department of Labor has not been made subject to the Act as provided for in Section 12-8-23 and contrary to Plaintiff's assertions, this Court is not empowered to rewrite the law. Further, Plaintiff's claim of being denied access to Department of Labor records does not rise to the level of fundamental rights protected by substantive due process.
 
 
 17
 Plaintiff cannot rely on the New Mexico Enabling Act or 4 U.S.C. Sec. 101, the oath of office, as the basis for his claim that he was deprived of a federal rights. As to his claim that his rights were violated under the common law, Plaintiff's complaint does not identify what common law theory he is proceeding under.
 
 
 18
 The Court notes that Plaintiff's right to inspect and copy public records of the New Mexico Department of Labor is guaranteed under the Inspection of Public Records Act. N.M.Stat.Ann. Secs. 14-2-1--14-2-12 (Michie 1993 Supp.). The Act creates procedural protections for securing access to public records if a person's request is initially denied by the agency. See N.M.Stat.Ann. Sec. 14-2-11 (1993 Supp.). Despite Plaintiff's claim that he was denied access to Department of Labor records, Plaintiff does not invoke the Inspection of Public Records Act in his complaint. Based upon this omission, together with Plaintiff's requested relief and Answer Brief, it is apparent that Plaintiff really seeks to have this Court order the state Administrative Procedures Act be made applicable to the New Mexico Department of Labor. As stated above, this the Court cannot and will not do.
 
 
 19
 Wherefore,
 
 
 20
 IT IS ORDERED, ADJUDGED, AND DECREED that Defendant's motion to dismiss be, and hereby is, granted.
 
 
 21
 DATED this 15th day of December, 1993.
 
 
 22
 /s/ Juan G. Burciaga
 
 Chief Judge
 ATTORNEYS:
 For Plaintiff
 
 23
 Thomas Ray Newsome, Jr.
 
 Post Office Box 749
 Albuquerque, New Mexico 87103-0749
 For Defendant
 C. Reischman
 New Mexico Department of Labor
 Employment Security Division
 Post Office Box 1928
 Albuquerque, New Mexico 87103
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Mr. Newsome indirectly challenges the district court's refusal of pendent (now termed "supplemental") jurisdiction. Under 28 U.S.C. Sec. 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction once it has dismissed those claims upon which it had original jurisdiction. We find no abuse of that discretion here