This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GLENN WILCOX,**

Plaintiff-Appellant,

v.                                                            **NO. 30,010**

**NEW MEXICO BOARD OF ACUPUNCTURE AND ORIENTAL MEDICINE,**

Defendant-Appellee.

**APPEAL OF THE ADMINISTRATIVE RULES ADOPTED BY THE NEW MEXICO BOARD OF ACUPUNCTURE AND ORIENTAL MEDICINE**
**Anita Villegas, Board Administrator**

Glenn Wilcox
Placitas, NM

Pro Se Appellant

Gary K. King, Attorney General
John Adrian Terry, Assistant Attorney General
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**FRY, Chief Judge.**

The opinion filed on April 1, 2010, is hereby withdrawn, and the following opinion is submitted in its place. The motion for rehearing is denied.

Glenn Wilcox, Appellant, appeals the promulgation of a number of regulations[1] by the New Mexico Board of Acupuncture and Oriental Medicine (the Board). In our notice, we proposed to reverse and set aside those regulations as not having been adopted in accordance with law. The Board has timely responded. We have considered its arguments and, not being persuaded, we reverse. Appellant's Second Motion to Amend the Docketing Statement to correct a typographical error is granted.

First, the Board argues that summary disposition is inappropriate in this case. It argues that because of the factual complexity of this case, it is inappropriate for the summary calendar. In fact, our review does not rely on the complexities of the facts here. Rather, we proposed to conclude that legal error occurred requiring reversal. We did not even attempt to review the record for sufficiency of the evidence because, as we pointed out in our notice, we could not engage in a proper review where the Board had not indicated what facts and circumstances it considered in adopting the regulations. This appeal concerns the complexity of the facts only as an underlying basis for proposing to reverse here. Further, we point out that the entire record from

---

[1]16.2.20 NMAC, 16.2.1.7(B) NMAC, 16.2.213 NMAC, 16.2.9.9(B) NMAC, 16.2.1.7(B)(9) NMAC, 16.2.1.7(B)(35) NMAC, 16.2.10.9(C)(15), (16), (17), (28), and (29) NMAC.

the administrative agency is before the Court at this time.  Thus, there would be no other facts available to us if we were to assign it to the general calendar.  Finally, there is nothing in the record that prevents the Board from responding to our proposal to reverse on legal grounds.  Therefore, we conclude that this case is appropriate for decision on the summary calendar.

Second, the Board contests our legal conclusions.  In particular, it argues that there is nothing in the law requiring it to provide reasoning for adopting regulations. It argues that we did not recognize the distinction between legislative and adjudicatory functions of an administrative agency.  It argues that the law requiring the statement of reasons does not apply to legislative functions, such as rule-making.  In our calendar notice, we cited several cases in which the administrative agency was required to state its reasons for adopting regulations.  *See  N.M. Mun. League v. N.M. Envtl. Improvement Bd.*, 88 N.M. 201, 539 P.2d 221 (Ct. App. 1975); *City of Roswell v. N.M. Water Quality Control Comm'n*, 84 N.M. 561, 505 P.2d 1237 (Ct. App. 1972). The Board argues that those cases do not apply because they involved specialized agencies, whose authorizing statutes require them to consider a number of factors in making their regulations.  *See* NMSA 1978, §§ 74-1-9(B) (1985),  -6-4(E) (1993) (amended 2009).

The cases we cited, however, did not rely on those statutes as the basis for requiring the agency to give an indication of its reasoning or as the basis upon which the regulations were adopted. Rather, the reason we require reasons supporting the regulations is that we cannot effectively perform the review authorized by statute unless the record indicates what facts and circumstances were considered and the weight given to those facts and circumstances. *City of Roswell*, 84 N.M. at 565, 505 P.2d at 1241. Thus, the requirement does not come from the authorizing statute, but rather from the need to facilitate the review of the regulations that is authorized by law. We are unpersuaded that professional licensing agencies do not need to provide reasoning for adoption of their regulations. *See Rivas v. Bd. of Cosmetologists*, 101 N.M. 592, 594, 686 P.2d 934, 936 (1984). Our case law is clear that the record must disclose the Board's reasoning and the basis on which it adopted the regulations. *Id.* As we pointed out in our notice, our review of the record does not disclose the Board's reasoning or the basis on which it adopted these regulations. [CN 3] The Board's response does not point us to the reasoning, but rather argues that it does not have to provide it. We disagree. There must be something in the record to which we can point as explanation for why the Board deemed it necessary to amend its regulations. This is especially true where the regulations as amended appear to conflict with NMSA 1978, Section 61-14A-8.1(C) (2007).

The Board also argues that due process requirements do not apply to the Board in its adoption of regulations. Again, we disagree. The Uniform Licensing Act itself sets out certain due process requirements, including notice and opportunity to be heard. NMSA 1978, Section 61-1-29 (B), (C), (D) (1981). The Act provides that all interested persons shall be given a reasonable opportunity to submit data, views or arguments, as well as to examine witnesses testifying at the hearing. Section 61-1-29(D). Thus, although there is no fundamental right to due process before an agency adopts a rule, *Livingston v. Ewing*, 98 N.M. 685, 688, 652 P.2d 235, 238 (1982), the general notions of notice and opportunity to be heard have been made applicable by statute. Any failure to comply with these requirements results in adoption of a regulation in violation of law.

As we noted in our calendar notice, we could find nothing in the record suggesting that interested persons, including Appellant, were denied the right to question testifying witnesses. We did note that Appellant was not allowed to question the Board member who was the proponent of the regulations. However, it was not clear whether she was a witness presenting testimony in support of the regulations.

Finally, the Board argues that there was substantial evidence to support the adoption of the regulations. It points to the nearly 800 pages of record and the public hearing as support for that assertion. However, we did not make any determination

5

on the sufficiency of the evidence in our calendar notice. As we pointed out in our notice, there is a good deal of information in the record, but we have no way of knowing why the Board relied on some of the evidence and not other. The record is replete with conflicting points of view, but nowhere does the Board explain how it resolved those conflicts. We recognize that a number of meetings and a good deal of discussion preceded the public hearing and adoption of the regulations. However, there is nothing in the record explaining the Board's reasons for adoption of the regulations in the face of what appears from the record to be some strong opposition.

**CONCLUSION**

For the reasons stated herein and in the notice of proposed disposition, we reverse and set aside the regulations listed in footnote one.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____

**ROBERT E. ROBLES, Judge**