ISABEL T. LEWIS, Special Administrator of the Estate of George S. Lewis, Deceased, Appellant-Appellee, *v.* THE BOARD OF TRUSTEES OF THE EMPLOYEES' RETIREMENT SYSTEM, STATE OF HAWAII, Appellee-Appellant

NO. 8303

(CIVIL NO. 59578)

MARCH 15, 1983

LUM, ACTING C.J., PADGETT AND HAYASHI, JJ., CIRCUIT JUDGE CHUN, IN PLACE OF NAKAMURA, J., DISQUALIFIED, AND CIRCUIT JUDGE GREIG, ASSIGNED BY REASON OF VACANCY

*Per Curiam.* This is an appeal by the Board of Trustees of the Employees' Retirement System, State of Hawaii (Board), from an order of the circuit court directing it to enter a decision affirming its hearing officer's recommended decision and to award claimant service-connected disability retirement benefits. Because we find an error in the standard applied by the court below in determining the issue of entitlement to total disability retirement benefits as well as errors by the Board in deciding that issue, we reverse and remand to the circuit court with instructions to reverse the Board's determination and to remand the matter to the Board for a redetermination in accordance with the proper standards.

The decedent was a fireman in the City and County of Honolulu. On May 11, 1970 while on duty, he slipped and fell on wet pavement, injuring the lower part of his back. Pursuant to the recommendation of the Retirement System's medical board dated April 24, 1972, on May 5, 1972 the appellant Board of Trustees awarded claimant an occupational disability retirement whereby he was to be paid two-thirds of his average final compensation for a three-year period.

The decedent did not work after his retirement in 1972. In February of 1975, he suffered a myocardial infarction resulting in 15 days of hospitalization. There is no medical evidence in the record connecting the heart problem to his service-connected back problems.

On June 30, 1975, the appellant accepted the medical board's determination that the decedent's disability was for duty only and that he was not totally incapacitated for gainful employment. The decedent appealed that acceptance and determination and the matter was referred to a hearing officer who, on June 9, 1978, entered findings of fact and conclusions of law holding him incapacitated for gainful employment and recommending that his application for service-connected total disability be granted.

Mr. Lewis died on March 29, 1979 and his administrator pursued the subsequent proceedings. On October 5, 1979, appellant entered a decision denying the claim. The appellee administrator appealed to the circuit court which, on May 12, 1981, entered conclusions of law and an order reversing appellant's decision and ordering that the appellant grant "service-connected disability retirement benefits pursuant to HRS, Chapter 88." From that order, the present appeal is taken.

The pertinent statutory sections involved in this case are §§ 88-77, -78, -79 and -80, HRS. In our particular case, decedent had been allowed a service-connected occupational disability in 1972 and the present proceedings commenced in 1975 were pursuant to the last sentence of the first paragraph of § 88-80, HRS. That sentence reads:

> After the completion of three years, the annuity being paid shall be continued and the pension shall be thirty-three and one-third per cent of his average final compensation; provided, if the medical board shall, within the three-year period of time, find and certify the disability pensioner is totally incapacitated for gainful employment, the board shall award a service-connected total disability benefit in which case benefits shall be paid under section 88-78.

During the pendency of this appeal, this court issued its opinion in *In the Matter of the Application of James K. Papa, Sr.* (No. 7159, February 1, 1983). In that case, this court stated:

> Thus, where the claimant is permanently unable to engage in any substantial gainful employment which is commensurate with his education, training, experience, and physical and mental capacities, as a consequence of his having been injured while in the performance of his duties, he will be deemed to be totally disabled within the intendment of the

statute.

In the *Papa* case, the so-called "odd-lot doctrine" which was adopted in a workers' compensation case in *Tsuchiyama* v. *Kahului Trucking & Storage, Inc.,* 2 Haw. App. 659, 638 P.2d 1381 (1982), was urged upon this court as the standard to be adopted in measuring permanent incapacitation for gainful employment under Chapter 88. This court refused to adopt that standard, as is demonstrated by footnote 1 to the *Papa* opinion which reads:

> Compare HRS § 386-1 (Workers' Compensation Law) where "total disability" is defined to mean "disability of such an extent that the disabled employee has no reasonable prospect of finding regular employment of any kind in the normal labor market." See also Tsuchiyama v. Kahului Trucking & Storage, Inc., 2 Haw. App. 659, 638 P.2d 1381 (1982).

In the present case, the court below, in its conclusions of law and order, stated in part:

> Furthermore, such factors must be examined in the light of labor market condition. If the marketplace is unable to offer the injured individual substantial job opportunities, he must be deemed incapacitated for gainful employment.

Of course in making that determination, the court below did not have the advantage of our opinion in *Papa.* Nevertheless, the paragraph just quoted from the order below appears to be an adoption of the odd-lot doctrine which we now expressly reject with respect to Chapter 88, HRS. The conclusion quoted from the court below is therefore in error.

However the court below was not in error in refusing to sustain appellant's decision for two reasons. First, it is apparent from a perusal of the decision that appellant's finding of fact no. 5 was erroneous because it failed to apply the standard we have set forth in *Papa.* Finding of fact no. 5 read:

> That even taking into consideration his non-service connected disabilities, Applicant, in his present condition, is not permanently incapacitated for gainful employment. He is physically capable of doing lighter work than the work he performed as a firefighter.

In making this finding, appellant clearly looked only to the claimant's physical ability to engage in some form of employment rather than looking to determine whether the claimant was "permanently unable to engage in any substantial gainful employment which is commensurate with his education, training, experience, and physical and mental capacities."

Secondly, the findings and conclusions entered by appellant seem to emphasize the disabling effect of the heart problem which was superimposed on the decedent's physical condition during the three-year period before the review under § 88-80, HRS.

We conclude, however, that upon the three-year review, the medical board must determine if the applicant's service-connected accident would cause him to be totally incapacitated for gainful employment, as distinguished from being occupationally disabled (using the *Papa* standard). If so, he is entitled to an award for a service-connected total disability benefit even though there may be a superimposed subsequent physical or mental condition which also incapacitated him.

Under the provisions of § 91-14(g), HRS, the court below has the power to remand the case with instructions for further proceedings. We think in the light of the clarification of the meaning of Chapter 88, HRS, by the decision in *Papa, supra,* and by this opinion, that the court below should remand the case to the appellant for a redetermination consistent with this opinion and with *Papa.* Accordingly, we reverse and remand to the circuit court with instructions to do so.

Reversed and remanded.

*Clayton Kubota* (*Harriet Yoshida Lewis* on the opening brief and *Aurelio T. Arnobit, Jr.* on the reply brief), Deputy Attorneys General, for appellant Board of Trustees.

*Herbert R. Takahashi* (*Herbert R. Takahashi,* a Law Corporation, of counsel), for appellee administrator.