SHIZUE INOUYE, Appellant-Appellee, *v.* THE BOARD OF TRUSTEES OF THE EMPLOYEES' RETIREMENT SYSTEM, STATE OF HAWAII, Appellee-Appellant

NO. 8737

(CIVIL NO. 64752)

SEPTEMBER 22, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

The Board of Trustees of the Employees' Retirement System, State of Hawaii (Board), appeals from the lower court's order reversing the Board's decision and ordering the Board to enter an award to Shizue Inouye (Inouye) of service-connected total disability benefits in accordance with Hawaii Revised Statutes (HRS) § 88-77 (1976). On appeal, the Board raises

three questions: (1) did the lower court have jurisdiction over the matter where no final administrative decision had been rendered; (2) did the lower court err in finding the Board waived its right to have the issue of "service connection" determined by the hearings officer; and (3) did the lower court err in reversing the order of remand. We hold that the lower court was without jurisdiction over this matter and reverse.

On August 1, 1975, Inouye was awarded a service-connected[1] occupational disability retirement pursuant to HRS § 88-79.[2]

On January 18, 1978, the Employees' Retirement System (ERS) notified Inouye that, pursuant to HRS § 88-80 (1976), her benefits would be decreased to 33-1/3% beginning August 1, 1978, and that she could, if she desired, apply to the medical board for re-examination and certification of her total inca-

---

[1] Inouye had been injured in three separate accidents on March 6, 1967, November 2, 1969, and April 18, 1974, in the course of her employment at the Waimano Training School and Hospital.

[2] HRS § 88-79 (1976) provides in pertinent part:

Service-connected occupational disability retirement. (a) Upon application of a member, or of the head of his department,, any member who has been permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual performance of duty at some definite time and place, or as the cumulative result of some occupational hazard, through no willful negligence on his part, may be retired by the board of trustees for service-connected occupational disability provided that:

(1) In the case of accident occurring after July 1, 1963, the employer shall file with the board a copy of the employer's report of the accident submitted to the bureau of workers' compensation;

(2) An application for retirement is filed with the board within two years of the date of the accident, or the date upon which workers' compensation benefits cease, whichever is later;

(3) Certification is made by the head of the agency in which the member is employed, stating the time, place and conditions of the service performed by the member resulting in his disability and that the disability was not the result of willful negligence on the part of the member; and

(4) The medical board certifies that the member is incapacitated for the further performance of duty, that his incapacity is likely to be permanent.

*    *    *

pacity for gainful employment.[3] On April 17, 1978, Inouye applied for such re-examination and certification.

An independent medical evaluation was conducted for the medical board by Dr. Calvin C. M. Kam, and on August 14, 1978, the medical board filed its recommendations based on Dr. Kam's evaluation. The medical board found that Inouye's service-connected disability had not deteriorated over the last three years and that she was not totally incapacitated from all employment, and, therefore, recommended that Inouye's application be denied.

The Board adopted the recommendation of the medical board and, on September 15, 1978, denied Inouye's application. On October 3, 1978, Inouye filed her appeal from the decision of the medical board.[4] The Board appointed a hearings officer to review the appeal. An evidentiary hearing was held on June 10, 1980, and on September 10, 1980, the hearings officer submitted his recommended decision to the Board. The hearings officer found that the medical evidence indicated that Inouye was "functionally totally incapacitated" but that no evidence was presented to indicate that the functional incapacity was the natural and proximate result of the work injury. He recommended that the determination of the medical board be affirmed.

On October 20, 1980, the Board accepted the hearings officer's recommendation and denied service-connected total disability retirement to Inouye. Inouye filed exceptions to the proposed decision on November 6, 1980, and the Board heard

---

[3] A service-connected occupational disability retirement compensates the retiree for three years at the rate of 66-2/3% of the retiree's final average compensation. At the termination of three years, the compensation is reduced to 33-1/3% of the retiree's final average compensation unless the retiree applies for and is determined to be totally incapacitated for gainful employment. *See* HRS § 88-80 (1976).

[4] Once the Board has received the medical board's recommendation, it may either accept or remand for clarification any determination regarding the extent of the claimant's injury. Additionally, any decision by the medical board regarding causation may be accepted or rejected by the Board. If an applicant is not satisfied with the decision of the medical board, he may file a written statement of appeal with the Board within 60 days after receiving notification of the decision. *See* HRS § 88-82; Rules and Regulations of the Employees' Retirement System § 6-23-4.

arguments on February 9, 1981. An order was filed by the Board on February 17, 1981, remanding the action to the hearings officer for further proceedings to determine whether Inouye's present incapacity for gainful employment was a natural and proximate result of her work-related accidents.

On March 9, 1981, Inouye filed a notice of appeal to the circuit court. After briefing and argument, the circuit court filed its conclusions of law and order reversing the decision of the Board on January 27, 1982. The court found that: (1) the ERS waived any right to have the issue of service connection determined by the hearings officer; (2) the hearings officer was clearly in error when he concluded that Inouye was not totally incapacitated for gainful employment since he had earlier found she was functionally totally incapacitated; (3) the findings of fact and conclusions of law of the hearings officer were inconsistent, arbitrary and not supported by reliable, probative and substantial evidence in the record and were clearly in error in considering the issue of service connection; (4) the Board was clearly in error in remanding the action to the hearings officer for further hearing on the issue of service connection; and (5) Inouye was totally incapacitated for gainful employment and the incapacitation was a natural and proximate result of Inouye's work injury. The court reversed the order of remand and ordered the Board to award Inouye service-connected total disability benefits.

The Board filed a timely notice of appeal.

The Board has raised the question whether the lower court had jurisdiction over this matter. The Board contends that its order of remand to the hearings officer was not a final decision or order subject to judicial review. We agree.

Judicial review of an administrative agency's decision is governed by HRS, chapter 91. HRS § 91-14 (1976, as amended) states in part:

Judicial review of contested cases. (a) Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter; but nothing in this sec-

tion shall be deemed to prevent resort to other means of review, redress, relief, or trial de novo, including the right of trial by jury, provided by law.

A final order is one which ends the proceedings and leaves nothing further to be accomplished. *In re Hawaii Government Employees' Ass'n,* 63 Haw. 85, 621 P.2d 361 (1980); *Gealon v. Keala,* 60 Haw. 513, 591 P.2d 621 (1979). If the rights of a party involved remain undetermined or if the matter is retained for further action, the order is not final. *Id.* The determinative factor is the nature and effect of the order. *In re Hawaii Government Employees' Ass'n, supra.* Our review of the record indicates that the Board's action in this case is not a final order. The order merely remanded the matter to the hearings officer for a determination as to the question whether Inouye's present condition was the result of a work-connected accident. *See* Cooper, *State Administrative Law* at 589 (1965). The proceedings were not terminated and Inouye's elibility for service-connected total disability retirement still remained undetermined. The Board's Order of Remand made no specific finding as to whether Inouye was in fact totally incapacitated for gainful employment.

Inouye argues, however, that the Board's order was a "preliminary ruling of a nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief." We disagree.

Citing *Lewis v. Board of Trustees,* 66 Haw. 304, 660 P.2d 36 (1983), Inouye argues that because the issue of service connection is determined at the time the occupational disability award under HRS § 88-79 is made, it cannot as a matter of law be considered again by the Board at the three-year re-evaluation under HRS § 88-80. Therefore, when the Board ordered the matter remanded to the hearings officer for a determination as to causation, it committed an error of law. She further argues that deferral of judicial review of the error of law would deprive her of adequate relief.[5]

---

[5] Inouye contends that the delay caused by the remand to the hearings officer to decide a meaningless issue would prejudice her and therefore immediate judicial review is required in order to provide her with adequate relief.

Inouye relies on the following language of the supreme court in *Lewis v. Board of Trustees, supra:*

> We conclude, however, that upon the three-year review, the medical board must determine if the applicant's service-connected accident would cause him to be totally incapacitated for gainful employment, as distinguished from being occupationally disabled (using the *Papa* standard). If so, he is entitled to an award for a service-connected total disability benefit even though there may be a superimposed subsequent physical or mental condition which also incapacitated him.

*Id.* 66 Haw. at ___, 660 P.2d at 38.

The factual situation relating to the issue of service connection in *Lewis* is not greatly dissimilar from that in the instant case. In *Lewis,* the employee was granted an occupational disability retirement. Less than three years later he suffered a myocardial infarction, which was not shown by any evidence to be related to the service-connected injury. On appeal from the circuit court's decision reversing the Board's denial of service-connected total disability, the supreme court held that "the findings and conclusions entered by appellant [the Board] seem to emphasize the disabling effect of the heart problem which was superimposed on the [employee's] physical condition during the three-year period before the review under § 88-80, HRS." *Id.* 66 Haw. at ___, 660 P.2d at 38. The supreme court remanded the matter to the circuit court with instructions to remand to the Board for a redetermination.

*Lewis* does not support Inouye's position at all. The holding in *Lewis* is only that at a three-year re-evaluation, the medical board should determine whether an applicant's *service-connected accident* has caused him to be totally incapacitated for gainful employment as distinguished from occupationally disabled. Stated otherwise, even where a subsequent physical or mental condition which further incapacitates the applicant has occurred, the medical board's only determination is whether the service-connected accident has caused the applicant to be incapacitated for gainful employment. In support of her claim for total disability retirement, Inouye contends that during the three years prior to the evaluation, her

mental condition had deteriorated so as to make her incapacitated for gainful employment. However, the record does not indicate that at the time of the award of occupational disability retirement Inouye's mental condition was a basis for the award. Neither does the record indicate that Inouye's argument was presented to or considered by the medical board in its re-evaluation. Under those circumstances, the Board clearly had the duty, in accordance with *Lewis,* to ensure that Inouye's mental condition was in fact service connected.

Inouye's contention that the Board may not consider causation in its three-year re-evaluation is incorrect. The Board in fact must consider whether the applicant's service-connected accident would cause him to be totally incapacitated for gainful employment. *Lewis v. Board of Trustees, supra.* Inouye's argument that the Board committed an error of law is without merit. It follows that deferral of appellate review will not deny her adequate relief.[6]

Additionally, since there is no determination by the Board with respect to Inouye's total incapacity for gainful employment, her rights have not been determined. The Board's order only remanded the action to the hearings officer but made no determination as to the severity of Inouye's incapacity or whether the incapacity was caused by a service-connected accident. Absent such determination by the administrative agency, the circuit court may not review the instant matter. Parties may not short-circuit the administrative procedure by applying for judicial review prior to a final determination by the agency of the individual's rights nor should the court render a decree in advance of an agency's decision and thereby render its action nugatory. 2 Am. Jur. 2d *Administrative Law* § 586 (1962). To

---

[6] We note in passing that the fact that an agency commits an error of law in one of its preliminary orders does not confer jurisdiction for immediate judicial review. As we have noted, § 91-14 allows review only where a final order has been filed or where a preliminary order is of such a nature that deferral of review would deprive the appellant of adequate relief. The statute does not allow an interlocutory appeal merely to review an agency's alleged error of law. Additionally, the mere fact that there is delay or extra expenses involved would not amount to prejudice and allow a preliminary order to be subject to judicial review. *Cf.* 73A C.J.S. *Public Administrative Bodies & Procedure* § 189 (1951).

do so would allow administrative agencies to be subjected to harassment and prevent them from performing their functions. *Id.*

The judgment of the lower court is reversed and the matter is remanded with instructions to dismiss the appeal.

Reversed.

*Russell A. Suzuki,* Deputy Attorney General, for State of Hawaii.

*Herbert R. Takahashi,* (*Dwight Takamine* with him on the brief) for Shizue Inouye.