737 P.2d 80

**Ronald G. HARRIS and Sheila S. Harris, Protestants-Appellants,**

v.

**REVENUE DIVISION OF the TAXA-TION AND REVENUE DEPARTMENT, State of New Mexico, Appellee.**

No. 8705.

Court of Appeals of New Mexico.

Feb. 26, 1987.

Ronald G. Harris and Sheila S. Harris, pro se.

Hal Stratton, Atty. Gen., Paula Forney-Thompson, Asst. Atty. Gen., Taxation & Revenue Dept., Santa Fe, for appellee.

## OPINION

DONNELLY, Chief Judge.

Taxpayers, Ronald G. and Sheila S. Harris, appeal from an order entered by an administrative hearing officer, dismissing their administrative appeal of the denial of a solar rebate on their 1983 state income tax return. Taxpayers contend that the hearing officer abused his discretion in dismissing their appeal based upon their failure to timely file a brief setting forth their contentions and authorities in support of their administrative appeal. We remand taxpayers' appeal with instructions.

Taxpayers claimed a solar rebate on their 1983 joint income tax return. The Taxation and Revenue Department granted a portion and denied a portion of the requested rebate. Denial was predicated on the department's interpretation of regulation S.T.C. 16:23 involving the minimum R-factor necessary to receive a rebate for solar installation materials.

Taxpayers filed a protest pursuant to NMSA 1978, Section 7-1-24 (Repl.Pamp. 1983) of the Tax Administration Act and an administrative hearing officer was designated to hear the claim. Thereafter, taxpayers and the department entered into a written stipulation agreeing as to the manner in which the protest would be heard. The stipulation recited the factual basis for taxpayers' protest and recited, among other things:

> The taxpayers and the department hereby stipulate and agree to submit this matter to the hearing examiner on the basis of the facts and documents stated in and attached to [the] stipulation and upon the briefs of the parties filed according to the schedule set out * * * below.

The stipulation further provided that taxpayers would file a brief-in-chief on or before April 15, 1985, in support of their

arguments and contentions, and that the department would file a brief in response within twenty days thereafter.

Taxpayers failed to comply timely with the deadline for filing their brief. On April 24, 1985, the department filed a motion to dismiss taxpayers' protest, asserting that taxpayers' brief was not filed on or before April 15, 1985, and had not been filed as of the date of the department's motion to dismiss. The motion was served upon taxpayers. Taxpayers failed to respond to the motion and on May 16, 1985, the hearing officer entered an order granting the department's motion to dismiss and reciting that, "the taxpayers have failed to comply with the * * * stipulation between the parties, have failed to present evidence to the hearing officer for resolution of their protest and have failed to prove the validity of their protest."

On May 20, 1985, after the entry of the order of dismissal, taxpayers filed a response in opposition to the department's motion to dismiss, and on May 27, 1985, taxpayers filed a motion to reconsider the order of dismissal. On June 19, 1985, the hearing officer denied taxpayers' motion to reconsider. Pursuant to NMSA 1978, Section 7-1-25 (Repl.Pamp.1983),[1] taxpayers filed an appeal from the hearing officer's order of dismissal and their motion to reconsider.

At the outset of our review, we are presented with an issue as to whether taxpayers' appeal is from a final appealable order. We find that it is not. The statute governing taxpayers' appeal to this court from the decision of the hearing officer under the Tax Administration Act contemplates that review shall be an appeal from a final order signed by the director of Taxation and Revenue and not from the hearing officer.

Section 7-1-25 provided in pertinent part:

A. If the protestant or claimant is dissatisfied with the action and order of the director after a hearing, he may appeal to the court of appeals for further relief, but only to the same extent and upon the same theory as was asserted in the hearing before the director.... All such appeals ... shall be taken within thirty days of the date of mailing or delivery *of the written decision and order of the director to the protesant or claimant* * * *. [Emphasis supplied.]

Under Section 7-1-24(E), a hearing officer is required to be designated to hear protests by a taxpayer. Thereafter, a hearing officer is required to render a written decision granting or denying the relief requested. Subsection H of Section 7-1-24 further specifies that "All decisions and orders shall be in the name of the director." "Director" was defined under NMSA 1978, Section 7-1-3(C) (Repl.Pamp. 1983), to mean "[t]he director or the deputy director of the revenue division[.]" Until the director approves the decision of the hearing officer appointed under Section 7-1-24, the decision is not final. *See* § 7-1-24(H).

The order that is the subject of this appeal, although it instructed taxpayers that they could appeal therefrom, was not approved or signed by the secretary; hence, it was not a final order. An administrative order which is required to be submitted to a superior for approval is not final for purposes of review. *Chicago & Southern Airlines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 68 S.Ct. 431, 92 L.Ed. 568 (1948). In general, an appellate court will not review the proceedings of an administrative agency until the agency has taken final action. *Colorado Health Facilities Review Council v. District Court of Denver*, 689 P.2d 617 (Colo.1984); *Renton Education Ass'n v. Washington State Public Employment Relations Comm'n*, 24 Wash.App. 476, 603 P.2d 1271 (1979). *See, also Inouye v. Board of Trustees of Employees' Retirement System*, 4 Haw. App. 526, 669 P.2d 638 (1983).

Because taxpayers' appeal is from an order which was not signed by, or issued under the name of the secretary, we remand the case to the secretary of Taxation

---

1. During the pendency of this appeal, the legislature amended Sections 7-1-3, -24, and -25, effective July 1, 1986, and changed the terminology from "director" to "secretary."

and Revenue Department with instructions, within thirty days, to act to either ratify the findings and order of the hearing officer or to rule otherwise, but in any event to submit an approved order signed by the secretary, the deputy secretary, or a division director designated by the secretary, with this court, so that the appeal herein may be reviewed on the merits.

IT IS SO ORDERED.

GARCIA and APODACA, JJ., concur.