772 P.2d 902

**HILLHAVEN CORPORATION, Plaintiff–Appellant,**

v.

**STATE of New Mexico, HUMAN SERVICES DEPARTMENT, Defendant–Appellee.**

No. 11102.

Court of Appeals of New Mexico.

April 6, 1989.

B. James Reeves, Campbell, Reeves, Chavez & Acosta, P.A., Las Cruces, Thomas C. Fox, Michele L.S. Krantz, Pierson, Ball & Dowd, Washington, D.C., James S. Cartmell, Tacoma, Wash., for plaintiff-appellant.

Hal Stratton, Atty. Gen., Dale S. Morritz, Asst. General Counsel, Human Services Dept., Santa Fe, for defendant-appellee.

## OPINION

APODACA, Judge.

Hillhaven Corporation (Hillhaven) appeals the Human Services Department's (Department) determination that the Department was entitled to reimbursement for depreciation of assets that it had previously paid Hillhaven. Our calendar notice proposed summary dismissal for lack of jurisdiction. Not being persuaded by Hillhaven's memorandum in opposition, we dismiss the appeal.

Hillhaven is a corporation that owned and operated two long-term health care facilities in New Mexico from 1982 through November 1986. Under the New Mexico Medicaid Program, the Department reimbursed Hillhaven for costs of providing long-term care to Medicaid patients. This reimbursement included, among other things, depreciation for the facilities during the time the facilities were open. When Hillhaven closed the facilities in November 1986 and sold the buildings and accompanying assets, it realized a net profit from the sales. Pursuant to applicable federal regulations, the Department sought to recapture a portion of the depreciation paid to Hillhaven because of the realized gain on the disposition of the depreciable assets.

Hillhaven and the Department exchanged several letters concerning the recapture by the Department of funds previously paid to Hillhaven for depreciation. Hillhaven protested the Department's recapture of any depreciation. In addition, Hillhaven protested the methodology used by the Department in determining the amounts to be recaptured for depreciation. In a letter to Hillhaven dated November 8, 1988, the Department rejected Hillhaven's contentions and continued its insistence on reimbursement. The letter termed the Department's position as a "formal decision." It is from this letter decision that Hillhaven has appealed to this court.

In proposing dismissal of the appeal, our calendar notice relied on *Durand v. New Mexico Commission on Alcoholism*, 89 N.M. 434, 553 P.2d 714 (Ct.App. 1976). Hillhaven correctly argues that *Durand* was decided prior to certain revisions of the rules for appellate procedure. However, Hillhaven fails to recognize the principle that appellate rules governing the procedure of appeals do not provide a party with a substantive right of appeal. *See State v. Arnold*, 51 N.M. 311, 183 P.2d 845 (1947). As we stated in the calendar notice, a right of appeal is conferred by substantive law and is outside the supreme court's rule-making ability. *Id. See also Eastern Indem. Co. v. Heller*, 102 N.M. 144, 692 P.2d 530 (Ct.App.1984). The supreme court is powerless to create a substantive right of appeal by adopting a rule. *Id.*

Hillhaven considers it significant that the current rule applicable to administrative appeals, SCRA 1986, 12–601(A), contains the phrase "Notwithstanding any other provision of law." We believe this language refers to any other laws addressing appellate *procedure* and does not confer a substantive right of appeal that is not otherwise provided by law. Hillhaven has pointed to no other statute providing for an appeal to this court under the facts of this case.

We do not dispute Hillhaven's proposition that it is entitled to an appeal under the New Mexico Constitution. However, its appeal is premature, considering the present posture of this case. The cases Hillhaven relies on for its argument that it has a constitutional right to one appeal are distinguishable. For example, *State v. Giraudo*, 99 N.M. 634, 661 P.2d 1333 (Ct.App. 1983), a criminal case, specifically upheld the right to appeal from judgments of the district court. Here, there is no such judgment from which to appeal. Hillhaven's constitutional right to an appeal is not violated simply because it has no appeal as a matter of law at this particular juncture.

In its memorandum in opposition, Hillhaven contends that if this court dismisses the appeal, its only remedy would be to file a petition for certiorari in district court, asking that court to review the Department's decision. Because granting such petition is discretionary, Hillhaven is concerned that, in the event the petition were denied, no further recourse would be available to contest the Department's decision.

We appreciate Hillhaven's concern. We recognize that in some situations a petition for certiorari in the district court is the proper procedure for obtaining a review of an agency decision. *See Roberson v. Board of Educ.*, 78 N.M. 297, 430 P.2d 868 (1967) (where there is no provision for appeal, certiorari is only remedy available for reviewing actions of agency). *See also Durand v. New Mexico Comm'n on Alcoholism.* However, this procedure provides a means for obtaining review of a quasi-judicial action of courts or tribunals inferior to the district courts. *See State ex rel. Sisney v. Board of Comm'rs*, 27 N.M. 228, 199 P. 359 (1921); N.M. Const., art. VI, § 13. Such quasi-judicial actions, however, must have reached a degree of finality from which an appeal can be taken. *See Harris v. Revenue Div. of Taxation Dep't*, 105 N.M. 721, 737 P.2d 80 (Ct.App.1987). We hold that the Department's letter decision does not reach that degree of finality.

Here, we have solely a dispute between Hillhaven and a state agency as to the amount of reimbursement being sought by the agency. Under these facts, we believe there is no determination from which an appeal lies. In the event that the Department files suit in district court seeking reimbursement, or Hillhaven seeks a declaratory judgment or other equitable relief, an appeal to this court may follow by the party aggrieved by the district court's determination. Until such a determination is made, however, this court is without jurisdiction to consider the matter.

For these reasons, this appeal is dismissed.

IT IS SO ORDERED.

BIVINS, C.J., and DONNELLY, J., concur.