This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LA MESA RACETRACK (f/k/a
HORSE RACING AT RATON, L.P.,**

Appellant,

v.

No.   31,884

**STATE OF NEW MEXICO RACING
COMMISSION,**

Appellee,

and

**PENN NATIONAL GAMING, INC., and
CORONADO PARTNERS, LLC,**

Intervenors-Appellees.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY
John M. Paternoster, District Judge**

Bregman & Loman, P.C.
Sam Bregman
Eric Loman
Albuquerque, NM

for Appellant

Gary K. King, Attorney General
Tania Maestas, Assistant Attorney General
Santa Fe, NM

Christopher D. Coppin, Special Assistant Attorney General
Albuquerque, NM

for Appellee

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Henry M. Bohnhoff
Ed Ricco
Albuquerque, NM

for Intervenor-Appellee Coronado Partners, LLC

Brownstein Hyatt Farber Schreck, LLP
Harold D. Stratton, Jr.
Nury H. Yoo
Albuquerque, NM

for Intervenor-Appellee Penn National Gaming, Inc.

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}     Did the expiration of a racing license or announcement of a decision at a public meeting excuse the New Mexico Racing Commission from issuing a final written order so as to permit appeal from that decision even in the absence of such an order? We determine that it did not and that there was no appealable final order in this case. In addition, even assuming this Court determined that accepting jurisdiction was

appropriate, we decline to review La Mesa Racetrack's arguments because the issues are moot.

**BACKGROUND**

{2} Since the parties are familiar with the facts and proceedings, we need not provide a detailed discussion of the background in this case. In August 2008, La Mesa Racetrack (La Mesa) received initial approval from the New Mexico Racing Commission (Commission) to conduct horse racing in Raton, New Mexico. A conditional license was issued on February 3, 2009. The Commission issued one license for racing and one license for simulcast of races. The racing license was "a license to hold for the following designated dates and periods a HORSE RACE MEETING . . . for the 2010 meet" specifying sixty race dates in 2010. In addition, La Mesa received a license to simulcast races, which was valid from January 1, 2010 through December 31, 2010. Although the parties dispute some facts pertaining to conditions placed on La Mesa's licenses, it is undisputed that La Mesa requested amended race dates in April 2010 and that the Commission tabled the request on April 15, 2010, and never ruled on it.

{3} On May 4, 2010, the Commission voted to take action with regard to La Mesa's license at the next meeting, but then took no action to revoke La Mesa's license at that meeting. Counsel for La Mesa requested a hearing before the license was revoked.

3

It is not clear from the record when he made this request. The notice of hearing stated that La Mesa was

> to appear before the Commission to confront the evidence presented against [it] with regards to the alleged conditions violations of the Conditional Horse Race License entered by this Commission on February 3, 2009. . . . It [was] alleged that [La Mesa was] in violation of 15.2.1.8(I) NMAC [(4/30/2012)] and 15.2.2.8 NMAC [(1/01/2013)] by [its] failure to properly hold, conduct, and operate a race meet in Raton, New Mexico on Memorial weekend, 2010.

{4}     The parties do not direct us to any other written notice of disciplinary action or intent to revoke the license. A hearing was set for June 16, 2010, but was continued to July at La Mesa's request, then to September after La Mesa requested appointment of a hearing officer pursuant to 15.2.1.9(7)(a) NMAC (12/1/2010). Meanwhile, La Mesa submitted a timely application for a renewal of its racing license pursuant to NMSA 1978, Section 60-1A-8(D) (2007). It appears that the Commission took no action on this application "due to a pending disciplinary action." For reasons that are unclear from the record, the hearing was then rescheduled to November 9. La Mesa then "exercise[d] its right to excuse [the appointed h]earing [o]fficer" and the hearing was rescheduled for November 19 with a different hearing officer. La Mesa moved for a continuance of this hearing on the ground that the principal of La Mesa, Michael Moldenhauer, was unable to travel due to health reasons. This motion was granted

4

and the hearing was set for December 21, 2010. La Mesa then moved for another continuance that was denied.

{5}     The hearing officer heard testimony from the agency director of the Commission and reviewed four exhibits submitted by counsel for the Commission. He also reviewed an affidavit from Mr. Moldenhauer. The hearing officer noted that

> [La Mesa] also asserted that [it] had been prejudiced because the Commission tabled [its] request to amend the racing dates . . . and that the failure of the Commission to act on [its] request hampered [its] ability to obtain needed financing for the project. However, . . . [La Mesa] offered no testimony or other evidence in support of these rather general allegations.

The hearing officer concluded that:

> The Commission has not issued a notice of contemplated administrative action, nor has any disciplinary ruling been issued from which [La Mesa] appeals. The Commission has not revoked any of the four orders or licenses issued in this case, and no justiciable controversy i[s] presented in this matter that is appropriate as a basis for an appeal by [La Mesa]. . . . Thus, no justiciable controversy is presented on which the hearing officer may reasonably make findings of fact or issue conclusions of law for the Commission's consideration.

The hearing officer appears to have based this conclusion in large part on the fact that the license to hold horse races included race dates only in 2010. Given that the hearing was held at the end of 2010 and the report was issued in February 2011, the hearing officer concluded that "no Commission orders or licenses issued relative to

5

the Raton/La Mesa project [were] in effect." At a public meeting on February 24, 2011, the Commission adopted the hearing officer's view and concluded that "no Commission action is necessary." The discussion at this meeting also addressed La Mesa's failure to conduct races during 2010 and the status of La Mesa's license from the New Mexico Gaming Control Board which had by then been revoked.

{6} La Mesa filed a notice of appeal pursuant to Rule 1-074 NMRA. La Mesa also requested an injunction to "prohibi[t] the [Commission] from accepting or considering any new applications for a new horse racetrack[,]" which was granted. The Commission moved to dismiss the appeal on grounds that La Mesa's appeal was untimely, filed in an inappropriate venue, and procedurally incorrect because it should have been filed under Rule 1-075 NMRA instead of Rule 1-074, among other reasons. After a hearing, the district court denied the motion to dismiss, permitted two other parties to intervene, and certified the matter to the Court of Appeals, stating that "this cause involves questions of . . . statewide impact, and . . . imperative public importance." The injunction was continued.

**DISCUSSION**

{7} The Commission argues that La Mesa failed to "properly invoke the district court's jurisdiction" because it did not file its petition according to Rule 1-075. It also argues that the petition should be dismissed because it was filed two days beyond the

6

deadline in Rule 1-075, and therefore neither this Court nor the district court has jurisdiction. *Madrid v. Vill. of Chama*, 2012-NMCA-071, ¶ 5, 283 P.3d 871, *cert. denied*, __-NMCERT-__, __ P.3d __ (No. 33,651, June 29, 2012) ("[A]ppeals from courts that lack subject matter jurisdiction will confer no jurisdiction on this Court.") We agree the appeal should be dismissed, although for a different reason. We dismiss the district court's certification of this matter because the Commission never issued a final written order.

{8} As a preliminary matter, we note that the parties agree that Rule 1-075 was the applicable rule here and that La Mesa filed under Rule 1-074 erroneously. At the hearing in the district court, the Commission agreed that the district court had the equitable power to consider the appeal proper under Rule 1-075(W)(3), which states that "[a]n appeal filed within the time limits provided in this rule shall not be dismissed for technical violations of this rule that do not affect the substantive rights of the parties." Because we determine that the appeal must be dismissed, we perceive no prejudice to the Commission in addressing the matter as a technical error and filed under Rule 1-075.

{9} Neither party offers argument on the impact on our jurisdiction of the lack of a final written order by the Commission. *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844 ("Whether an order is a 'final order' within the meaning

7

of the statute is a jurisdictional question that an appellate court is required to raise on its own motion."). They do, however, make related arguments that we address as they pertain to the requirement for a final written order.

{10} A party normally may only appeal from a final written order. *Smith v. Love*, 101 N.M. 355, 356, 683 P.2d 37, 38 (1984). The Commission urges us to follow cases stating that appeal of administrative decisions does not require a final written order. It argues in essence that its decision at the February 24, 2011, meeting was final enough so as to require filing of a petition for review within thirty days. The Commission cites *Mills v. New Mexico State Board of Psychologist Examiners*, 1997-NMSC-028, ¶ 11, 123 N.M. 421, 941 P.2d 502 and *New Mexico Industrial Energy Consumers v. New Mexico Public Service Commission*, 111 N.M. 622, 629, 808 P.2d 592, 599 (1991) for support of this proposition. These cases are inapposite because they analyze the ripeness of an issue for appeal, not whether the district or appellate court's jurisdiction was properly invoked.

{11} In *Mills*, the Court noted that "[f]inality does not necessarily require a final order from the administrative agency." 1997-NMSC-028, ¶ 11. The plaintiff there sought reinstatement of her license and the licensing board refused to grant reinstatement until she took an oral examination. *Id.* ¶¶ 5-6. The Court considered whether the board's refusal to grant a hearing on this issue should be reviewed when,

8

without a hearing, no formal final order would issue. *Id.* ¶ 11. The *Mills* Court's analysis was focused on whether the issue presented was ripe for review, not on whether, when a written final order is required by statute or regulation, agency action is appealable in the absence of such an order.

{12} Similarly, *New Mexico Industrial Energy Consumers* does not address the issue in this case. There, the commission had in fact issued a final order and jurisdiction was not in question. 111 N.M. at 629, 808 P.2d at 599. The Court's statement that a "determination of finality must be based on pragmatic consideration of the matters at issue" was made in the context of whether the issues decided in that final order were fully resolved or would "be revisited by the [c]ommission in its subsequent hearings and thus should be reserved for its initial discretionary determination." *Id.* at 629-630, 808 P.2d at 599-600; *see also id.* at 625 n.1, 808 P.2d at 595 (declining to take judicial notice of companion cases when to do so would "resolve the ripeness problem . . . in [the] opinion, [but] . . . raise other questions regarding finality and the rules of appellate procedure").

{13} The concept of "ripeness" is " 'founded in concern about the proper—and properly limited—role of courts in a democratic society.' " *New Energy Econ., Inc. v. Shoobridge*, 2010-NMSC-049, ¶ 16, 149 N.M. 42, 243 P.3d 746 (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Limiting review to those cases that are ripe

recognizes that "[j]udicial action that disrupts the administrative process before it has run its course intrudes on the power of another branch of government." *Id.* ¶ 19. In contrast, the requirement for a final written order is based on "the very practical need for clarity in ascertaining exactly when a case has been disposed of, and by whom, and for what reason." *State v. Lohberger*, 2008-NMSC-033, ¶ 34, 144 N.M. 297, 187 P.3d 162. Neither *Mills* nor *New Mexico Industrial Energy Consumers* is controlling on this issue.

{14} In addition, the Commission was obligated by its own regulations to issue a final written order. *Bd. of Educ. of Alamogordo Pub. Sch. Dist. No. 1 v. Jennings*, 98 N.M. 602, 615, 651 P.2d 1037, 1050 (Ct. App. 1982) ("An administrative agency must follow its own regulations."), *overruled on other grounds by Bd. of Educ. of Melrose Mun. Sch. v. N.M. State Bd. of Educ.*, 106 N.M. 129, 740 P.2d 123 (Ct. App. 1987). The hearing officer concluded that "[t]he Commission has not issued a notice of contemplated administrative action, nor has any disciplinary ruling been issued from which [La Mesa] appeals. . . . Thus, no justiciable controversy is presented." Nevertheless, we determine that the Commission itself invoked the regulations governing disciplinary proceedings. The Commission announced at a public meeting its intent to "take formal action at a *[d]isciplinary [h]earing*" to revoke La Mesa's licenses. (Emphasis added.) Although there was no written notice of intent to revoke

10

or revocation, the Commission issued a notice of hearing that "alleged that [La Mesa was] in violation of 15.2.1.8(I) NMAC and 15.2.2.8 NMAC by [its] failure to properly hold, conduct, and operate a race meet in Raton, New Mexico on Memorial weekend, 2010." The notice stated that the hearing would be conducted according to Regulation 15.2.1.9 NMAC, which is titled "Due Process and *Disciplinary Action*." (Emphasis added.) Throughout the proceedings, the Commission followed the dictates of that regulation. We conclude that the Commission's actions indicate its intent to have the proceedings governed by the requirements of Regulation 15.2.1.9. Regulation 15.2.1.9(C)(15)(d), (17)(a). We therefore see no reason why the Commission should not also be subject to that regulation's requirement for a final written order, including findings of fact and conclusions of law, within "[sixty] days after the date the commission votes on the ultimate issues in the [disciplinary hearing]." Regulation 15.2.1.9(C)(15)(d), (17)(a) of the Administrative Code. The Commission has not issued an order to date.

{15}     The fact that La Mesa's license was expired by the time the Commission considered the hearing officer's report did not dispense with the Commission's obligation to issue a final written order pertaining to the disciplinary hearing. Had La Mesa's licenses expired without any disciplinary action, it is likely that no action would have been required. Here, however, the Commission stated publicly that it

intended to revoke La Mesa's license and there was a hearing pursuant to the regulation. Disciplinary proceedings against a licensee are different from simple expiration of a license because the ramifications for revocation can be severe. *See* NMSA 1978, § 60-1A-11(D) (2007) (stating that licenses revoked for certain reasons may not be reinstated for five years from the date of revocation); Regulation 15.2.1.9(C)(20) of the Administrative Code (stating that administrative penalties may be assessed against a licensee found to have violated a rule or order under the Horse Racing Act, NMSA 1978, §§ 60-1A-1 to -30 (2007)). In a case like this, where licenses are issued for only one year at a time, to consider the Commission's decision at the meeting final would undercut the requirement for a final written order, since it would allow the Commission to avoid its own regulation by simply waiting until the license expired.

{16} Neither was the Commission's announcement of its decision at a public meeting a final order. In *Paule v. Santa Fe County Board of County Commissioners*, 2005-NMSC-021, ¶ 9, 138 N.M. 82, 117 P.3d 240, our Supreme Court addressed whether a decision made at a public hearing was a "final decision" for purposes of NMSA 1978, Section 39-3-1.1 (1999) and Rule 1-074, which govern "judicial review of agency final decisions that are placed under the authority of this section by specific statutory reference." Section 39-3-1.1(A); Rule 1-074(A). The *Paule* Court

determined that a decision made by vote at a public meeting was not a final decision because Section 39-3-1.1(B) required an agency to prepare and file a written order after such a decision, and because the attendant rule, Rule 1-074, specifies that an appeal may be filed "after the date of the *final decision or order*." *Paule*, 2005-NMSC-021, ¶ 11 (internal quotation marks omitted); *see id.* ("Thus, we conclude that the time for filing an administrative appeal to the district court under Section 39-3-1.1 begins to run on the date the final decision or order is filed.").

{17} We acknowledge that Section 39-3-1.1 does not apply here. Nevertheless, because the Commission's regulations have similar requirements for written orders following a decision in a public meeting and Rule 1-075(D) has language identical to that in Rule 1-074(E), we determine that the holding in *Paule* also applies here. *Cf. Lohberger*, 2008-NMSC-033, ¶ 23 (stating the Court discussed similar language in Rule 7-703(A) and stated that "[t]he rules specifically recognize the necessity of the filing of a written final order following the announcement of a decision, in order to initiate the constitutional right of appeal")*; Hillhaven Corp. v. State, Human Services Dep't*, 108 N.M. 372, 373, 772 P.2d 902, 903 (Ct. App. 1989) (holding that appeal from a letter stating it contained an agency's "formal decision" was premature and that the Court lacked jurisdiction); *Harris v. Revenue Div. of Taxation & Revenue Dep't*, 105 N.M. 721, 722, 737 P.2d 80, 81 (Ct. App. 1987) (relying on the requirements of

the governing statute to determine whether a written decision by a hearing officer was sufficiently final for appellate review). *Compare* Section 39-3-1.1(B), *with* Regulation 15.2.1.9(C)(17)(a) of the Administrative Code; *compare* Rule 1-074(E), *with* Rule 1-075(D).

**{18}** Here, the Commission was required to issue a final written order, just like in *Paule*. Because it was required to do so, the announcement of a decision at the February 24, 2011, meeting was not a final, appealable order. We conclude that the absence of a final written order requires dismissal.

**{19}** The parties' argument that the case is final enough for us to proceed to the merits would have greater force but for the difficulties created by the passage of time and unfolding events. We conclude that the issues presented by La Mesa are moot because this Court can provide no actual remedy. *State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764 ("As a general rule, appellate courts should not decide moot cases. An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief." (citation omitted)). La Mesa seeks reinstatement of its 2010 racing license and an "order [to] the Commission to approve reasonable live race dates for La Mesa." It is not within this Court's purview to order the Commission to approve race dates for La Mesa; that task lies within the discretion of the Commission as authorized by statute. *See* §§ 60-1A-

14

4(B)(1), -8(J); *Sanderson v. N.M. Racing Comm'n*, 80 N.M. 200, 201, 453 P.2d 370, 371 (1969); *Ross v. State Racing Comm'n*, 64 N.M. 478, 483, 330 P.2d 701, 704 (1958) ("This court has no power to review reasonably exercised administrative discretion, but we can correct arbitrary or capricious action which amounts to an abuse of discretion and is thus contrary to law."); Regulation 15.2.1.8 (I)(1) of the Administrative Code. Thus, we understand La Mesa's request to be a request for *hearings* on the amended race dates similar to a petition for a writ of mandamus. *See Maso v. State of N.M. Taxation & Rev. Dep't*, 2004-NMCA-025, ¶ 15, 135 N.M. 152, 85 P.3d 276 (construing a request to force an administrative body to hold a hearing as a petition for a writ of mandamus); *Mills*, 1997-NMSC-028, ¶ 10 (discussing use of a writ of mandamus to review actions of an administrative board); *Ross*, 64 N.M. at 484, 330 P.2d at 705 (stating, "[t]he remedy of mandamus may be extended to discretionary tasks, but ordinarily only to the *doing* of them and not the manner in which the discretionary task shall be performed" and ordering the racing commission to reconsider an application for a racing license).

**{20}** Even if we granted La Mesa's requested relief, there is no real remedy available at this time. A condition of La Mesa's racing license was an active gaming license, but La Mesa's gaming license has been revoked. *See La Mesa Racetrack & Casino v. State Gaming Control Bd.*, 2012-NMCA-076, ¶ 20, 283 P.3d 886. Our opinion in

the gaming license case is final and precludes any arguments as to that aspect of La Mesa's obligations under the racing license. Thus, even if we somehow reinstated the racing license as La Mesa requests, La Mesa would still be unable to fulfill that condition. In addition, ordering the Commission to conduct hearings or otherwise consider La Mesa's request for amended 2010 race dates now—nearly three years after the fact—is fruitless.

**CONCLUSION**

{21} We dismiss the district court's certification and La Mesa's petition for lack of finality. *Madrid*, 2012-NMCA-071, ¶ 5. In addition, we decline to reach the merits of La Mesa's claims because there is no actual remedy available to them. The injunction is dissolved.

{22} **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____

16

**TIMOTHY L. GARCIA, Judge**